NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50049 |
| Plaintiff-Appellee, | D.C. No. 3:21-cr-02163-LAB-1 |
| v. | |
| FELIPE GONZALEZ-ALVAREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50050 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-03677-LAB-1 |
| v. | |
| FELIPE GONZALEZ-ALVAREZ, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 9, 2024[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA, FRIEDLAND, and LEE, Circuit Judges.

Felipe Gonzalez-Alvarez appeals his sentence of 80 months for unlawful reentry under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Gonzalez-Alvarez contends that the fact of a prior conviction must be alleged by the Government and found by a jury. As he concedes, that argument is foreclosed by binding precedent. *See Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998); *Erlinger v. United States*, 144 S. Ct. 1840, 1853–54 (2024) (explaining that *Almendarez-Torres* remains good law).

2. Gonzalez-Alvarez separately contends that the Government failed to prove, and the district court failed to properly find, the fact of a prior felony conviction necessary to support a longer sentence under § 1326(b). Because Gonzalez-Alvarez did not raise this argument before the district court, we review for plain error. *See United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (en banc).

The Presentence Report ("PSR") details Gonzalez-Alvarez's criminal history, including multiple felony offenses. Because Gonzalez-Alvarez "did not object to the factual accuracy of the [PSR], the district court was entitled to treat the factual assertions therein as established." *United States v. Hilgers*, 560 F.3d 944, 948 n.4 (9th Cir. 2009). The district court did not err in relying on the PSR to

2

determine that Gonzalez-Alvarez had at least one prior felony conviction, supporting a sentence up to the ten-year maximum under § 1326(b)(1).[1] Gonzalez-Alvarez makes arguments on appeal about whether his felonies qualified as aggravated felonies, but the guideline range of 57 to 71 months calculated by the district court, did not depend on any of Gonzalez-Alvarez's prior felonies being an aggravated felony.[2] Therefore, we reject the argument that Gonzalez-Alvarez was prejudiced by the district court's reference to the twenty-year statutory maximum applicable under 8 U.S.C. § 1326(b)(2).

**AFFIRMED.**

---

[1] Gonzalez-Alvarez argues that the district court was required to find the fact of a prior conviction by clear and convincing evidence because of the fact's disproportionate effect on the sentence. But in *United States v. Lucas*, 101 F.4th 1158 (9th Cir. 2024) (en banc), we held that a district court need only find facts at sentencing by a preponderance of the evidence. *Id.* at 1159.

[2] In any event, Gonzalez-Alvarez did not object to the PSR's statement that he received a felony conviction for forgery after pleading no contest in 2018 and received a two-year sentence. That qualifies as an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(R) (providing that "an offense relating to . . . forgery. . . for which the term of imprisonment is at least one year" is an aggravated felony for purposes of the Immigration and Naturalization Act).